*355
 
 By the Court.
 

 This writ must he denied. To hold otherwise would be judicial legislation; would impinge upon the primary system adopted by the people in their Constitution and the legislation passed in pursuance thereto. Under our present primary system the powers of committees acting for political parties are derived expressly by statute. All authorized political controlling committees are required, under our statutes, to be selected either by a direct vote of the people, or chosen by precinct, ward and township committeemen who were elected at primaries.
 

 The relators claim to be a county committee of a voluntary political organization. The only county executive committee recognized by our statute (Section 4961, General Code) is the county executive committee, elected within 15 days after a primary election by a county central committee, theretofore elected by direct vote of ^ the people from each precinct, ward and township in the county (Section 4960, G-eneral Code). This section is a plenary section and defines who shall be “the controlling committees of each voluntary political party or organization.” These controlling committees are defined: (a) A state central committee; (b) a district committee; and (c) a county committee. All these controlling committees of political parties are required to be elected under Section 4959, General Code. Section 4960, General Code, having defined who shall be controlling committees, Section 4959, General Code, provides:
 

 “All members of controlling committees of political parties shall be elected, by direct vote, except as otherwise provided herein.”
 

 
 *356
 
 Nowhere in the chapter, except in the sections named, can there he found authority for the appointment or election of controlling committees of political parties.
 

 The relators denominate themselves chairman and campaign manager, respectively, of a county committee representing a voluntary political organization. If it be conceded that they are the principal executive committee of said organization, they have not been selected in the manner required by Sections 4960 and 4961, General Code. The principal or controlling committees of the two dominant existing political parties in this state derive their powers directly from the people. Were we to set aside the undoubted purpose of our primary laws and permit these relators to exercise the powers claimed, it would endow them with the same powers that are being exercised by political committees who owe their selection, as such, to the popular vote, as expressed in the primaries.
 

 The relators, as officers of such voluntary political organization, claim to derive power to appoint challengers, witnesses and inspectors from Section 4922, General Code. That section provides in substance that:
 

 “The executive or principal committee of each political party presenting one or more candidates for suffrage may, by writing, certified by its chairman and secretary, * * * designate not more than one elector of such city as witness and one other elector as challenger, to attend at such election in behalf of such party.”
 

 Were this the only section to be considered, the
 
 political party
 
 represented by said county
 
 *357
 
 committee to which, relators belong might be construed by this court to have the powers claimed. However, when we consider the purpose of our primary system requiring committees of political parties to obtain their authority from the people by direct vote at the primaries, and defining who shall be the controlling committees thereof, we are driven to the conclusion that the committee of which the relators are members is not given equal powers with political party committees deriving their sanction from the people.
 

 The relators contend that they are members of the Cuyahoga county executive committee of such voluntary political organization. To be a county executive committee, the members must be elected by a county central committee, under Section 4961, General Code, which county central-committee must itself be elected by direct vote, as required under Section 4959, General Code. Our view is re-enforced by the consideration of Sections 5058 and 5080, General Code. The petition alleges that relators’ committee is entitled to the appointment of challengers, inspectors and .witnesses of elections, under the provisions of those two sections. The former (Section 5058) authorizes the appointment of challengers by a precinct committeeman of each political party, while the latter (Section 5080) authorizes the appointment of inspectors and witnesses by the county executive committee of each party. Who are precinct committeemen under our election laws? None other are named except such as are elected from each precinct by direct primary vote. Likewise, who can be a county executive committee?
 
 *358
 
 None other is defined except the county executive committee, who must be chosen by the committeemen elected at the primaries. Nowhere in the statutes is there found a single expression giving authority to a committee or committeeman other than one selected by direct vote of the electorate. If there be any doubt that only
 
 “controlling com
 
 mitteesas defined under the statute referred to, can apply for challengers and witnesses, that doubt is removed by Section 4978, General Code. This section refers to appointment of challengers and witnesses by individual candidates. These however, are applied for in writing by the controlling committees. The section reads as follows:
 

 “Upon application in writing of the respective controlling committees, the judges of election shall admit to the polling room one challenger and one witness for each candidate whose name appears on the ballot for the office at the head of the ticket.”
 

 This statute evinces the fact that the judges are only to recognize challengers and witnesses applied for by
 
 controlling committees,
 
 which, under Section 4959, General Code, are required to be elected by direct vote, etc.
 

 Our attention has been called to Sections 4994 and 5000, General Code. Those sections cannot possibly apply, for two reasons: (1) No such special committee is here asking for the writ; and (2) they apply only to certificates of nomination and nomination papers to be filed with the state supervisor of elections. Section 4994, General Code, reads:
 

 “Such certificate of nomination shall also state the names and address of a committee authorized
 
 *359
 
 to represent such political party, and such committee may fill vacancies which occur in the list of nominations, unless it is otherwise specially ordered at the time of the selection of such committee and so certified.”
 

 Section 5000, General Code, provides:
 

 “Signers of such nomination papers shall in-sert in them the names and addresses of such persons as they desire to the number of five as a committee who may fill vacancies caused by death or withdrawal.”
 

 The committees representing political parties, invested by the Legislature with the power to designate challengers and witnesses, are the controlling committees deriving power from the statutes we have heretofore referred to. There is an additional reason why .Section 4994, General Code, is not applicable. The undisputed facts dis close that the candidates for nomination in this case were nominated by petitions signed by qualified electors of the state. In such cases the committee representing such candidates is given authority under Section 5000, General Code, to fill vacancies only.
 

 The legal doctrine has been frequently announced by this court that the -writ of mandamus will not issue unless there is a plain dereliction of duty upon the part of a public officer. There is no dereliction of duty upon the part of respondents, for Section 4949, General Code, not only requires that “members of the controlling committees of all voluntary political parties or associations in this state
 
 *
 
 * * shall be * * * selected * * * in
 
 *360
 
 accordance with the provisions” of the chapter relating to primary elections, but expressly provides that “party controlling committees whose members have not been so selected” shall not
 
 “he recognised hy <my hoard or officer.”
 

 Section 12283, General Code, authorizes a court to issue the writ of mandamus against a board, “commanding the performance of an act which the law specially enjoins as a duty.” There is no statute enjoining the performance by the board of the duty claimed. On the other hand, the statute (Section 4949, General Code) specifically enjoins the board not to recognize party controlling committees not selected in accordance with law.
 

 This court is without power to require the board to perform a duty which has not been imposed upon it by the Legislature of the state. This court cannot legislate. If the Legislature desires that political party committees who do not derive their power from the primaries shall be endowed with power equal that given to party committees who do obtain authority by direct vote of the people, it is evident that it must repeal or modify the present laws relating to controlling committees under our primary system. The demurrer to the petition will be sustained, writ denied, and petition dismissed.
 

 Writ denied.
 

 Robinson, Jones, Matthias, and Lay, JJ., concur.