[Cite as *State v. Dixon*, 2016-Ohio-955.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-1037 |
| v. | : | (C.P.C. No. 97CR-781) |
| Marvell E. Dixon, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 10, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Marvell E. Dixon,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Marvell E. Dixon ("appellant") appeals from the denial of his "Motion for Re-Sentencing." For the reasons set forth below, the trial court's denial of the motion was in error.

{¶ 2} A jury found appellant guilty of aggravated murder, in violation of R.C. 2903.01, with a firearm specification, and guilty of felonious assault, in violation of R.C. 2903.11, with a firearm specification. (Tr., 803-04.) The trial court held a sentencing hearing on April 23, 1998. A judgment entry filed on April 24, 1998 imposed the following sentence:

> LIFETIME SENTENCE WITH NO ELIGIBILITY OF PAROLE LESS THAN TWENTY (20) YEARS WITH RESPECT TO COUNT ONE PLUS THREE (3) YEARS DETERMINATE SENTENCE WITH RESPECT TO THE FIREARM SPECIFICATION; EIGHT TO FIFTEEN (8-15) YEARS WITH

> RESPECT TO COUNT TWO PLUS THREE (3) YEARS DETERMINATE SENTENCE WITH RESPECT TO THE FIREARM SPECIFICATION; **THE FIREARM SPECIFICATIONS TO RUN CONCURRENT TO EACH COUNT AND MERGE WITH EACH OTHER**; AND COUNT TWO TO RUN CONSECUTIVE TO COUNT ONE * * *.

(Emphasis added.)

{¶ 3} Appellant filed a notice of appeal on May 21, 1998. He also filed a motion for post-conviction relief on December 22, 1998.

{¶ 4} On June 26, 2000, Marina VanKirk, the acting records supervisor at the Southern Ohio Correctional Facility, sent a letter to the sentencing judge that contained the following observation:

> In this particular matter, your entry for [appellant] states that the firearm specification is to run concurrently to other counts. My interpretation of [R.C.] 2929.14 (E)(1)[1] is that the mandatory prison term is to be served consecutively and prior to, not only the underlying felony, but also "consecutively to any other prison term or mandatory prison term previously or subsequently imposed on the offender."
>
> At this time, the sentence has been calculated as ordered in your April 23, 1998 entry. Please review and advise this office of your findings at your earliest convenience.

{¶ 5} On August 2, 2000, the trial court filed an entry captioned "Corrected Entry." In relevant part, the entry stated:

> FOR SENTENCING PURPOSES, **THE FIREARM SPECIFICATIONS, WITH RESPECT TO COUNTS ONE AND TWO, MERGE**.
>
> [I]t is the sentence of the Court that the defendant pay the costs of this prosecution and serve LIFETIME SENTENCE WITH NO ELIGIBILITY OF PAROLE LESS THAN TWENTY (20) YEARS WITH RESPECT TO COUNT ONE; EIGHT TO FIFTEEN (8-15) YEARS WITH RESPECT TO COUNT TWO; THREE (3) YEARS DETERMINATE SENTENCE WITH

---

[1] In the version of R.C. 2929.14 in effect when appellant was originally sentenced, the provision requiring consecutive sentences for firearm specification offenses was subsection (E). In an amendment to R.C. 2929.14 passed on June 29, 2011, the Ohio Legislature renumbered the statute's subsections and changed the provision in question from subsection (E) to (C). 2011 Am.Sub.H.B. No. 86.

RESPECT TO THE FIREARM SPECIFICATION; **SAID FIREARM SPECIFICATION TO RUN CONSECUTIVE TO COUNT ONE**; AND COUNT TWO TO RUN CONSECUTIVE TO COUNT ONE * * *.

(Emphasis added.)

{¶ 6} This court affirmed the judgment of the trial court on December 5, 2000. *State v. Dixon*, 10th Dist. No. 98AP-626 (Dec. 5, 2000.) Appellant filed an application to reopen the appeal on December 28, 2000. The application was denied on February 1, 2001. *State v. Dixon*, 10th Dist. No. 98AP-626 (Feb. 1, 2000), *application to reopen denied*.

{¶ 7} On October 15, 2015, appellant filed a motion in the trial court captioned "Motion for Re-Sentencing," asserting that the filing of the August 2, 2000 "Corrected Entry" without a hearing had violated his right to be present at any stage of a criminal proceeding under Crim. R. 43(A). According to appellant, the entry did not present "a clerical issue [requiring] correction of the record," and the trial court had "actually attempted to change the sentence of Defendant in regards to the firearm specifications." (Emphasis deleted.) (Motion for Re-Sentencing, 2.) Appellant argued that he "was entitled to be present at every critical stage of his sentencing, or any correction of his sentencing." (Motion for Re-Sentencing, 1.) Accordingly, he requested that the court sustain his motion and "allow [him] to be present" at a resentencing proceeding. (Motion for Re-Sentencing, 1.)

{¶ 8} On October 27, 2015, the trial court filed an entry overruling appellant's motion. The entry addressed appellant's arguments only by stating the following:

In his motion, Defendant takes issue with a corrected entry, filed on August 2, 2000, correcting a clerical error.

Defendant has waited more than 15 years to file this motion.

Said Motion is hereby **OVERRULED**.

(Emphasis sic.)

{¶ 9} On November 12, 2015, appellant filed a notice of appeal. He asserts the following as the sole assignment of error:

Did the Trial court err by failing to hold a Hearing pursuant to Crim. R. 43(A) when the trial court Re-Sentenced defendant without defendant being present?

{¶ 10} The appeal presents the same arguments that appellant made before the trial court, asserting that his constitutional right to be present at all stages of a criminal proceeding was violated when he was resentenced by the "Corrected Entry" without a hearing. Moreover, he asserts that the 16-year lapse of time after the filing of the entry should not preclude him from relief because he was not previously aware of the "Corrected Entry." (Appellant's Brief.)

{¶ 11} In response, the state argues that the trial court correctly overruled the motion because the "Corrected Entry" merely corrected a clerical error. The state asserts that appellant cannot show how the entry changed his sentence, and that res judicata applies because this court affirmed the original appeal four months after the trial court filed the "Corrected Entry." (Appellee's Brief.)

{¶ 12} Our analysis begins with the law applicable to appellant's motion, as he cites no procedural mechanism for filing it, and the trial court cited no law as grounds for overruling it. Based on its timing, the arguments it raises, and the relief sought, appellant's motion meets the definition of a petition for postconviction relief under R.C. 2953.21(A)(1). *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (construing a "Motion to Correct or Vacate Sentence" as a motion filed under R.C. 2953.21(A)(1) because "despite its caption, [it] meets the definition of a motion for postconviction relief"). The statute states that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1).

{¶ 13} Applying the statute to the motion before it, the Supreme Court of Ohio held that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *Reynolds* at 160. Similarly, appellant filed the motion after his direct appeal, and the relief he seeks, to be present at resentencing, necessarily requires the vacation or correction of the sentence set forth in the trial court's "Corrected Entry." Furthermore, appellant seeks this relief under Crim.R. 43(A), which requires that a defendant "be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." The rule codifies a fundamental right guaranteed by the Ohio Constitution, Article I, Section 10, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See, e.g., Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (observing that due process "guarantee[s] the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure"). Accordingly, we construe appellant's motion as a petition for postconviction relief filed under R.C. 2953.21(A)(1)(a), and will apply an abuse of discretion standard to the trial court's denial of his request for a resentencing hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 14} The postconviction relief statute allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period, "or a second petition or successive petitions for similar relief" by the petitioner. R.C. 2953.23(A). There are only two exceptions under which a court may hear an untimely or successive petition. First, the petitioner must show that either he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or that his claim is based on a retroactively applicable federal or state right recognized by the United States Supreme Court since filing an earlier petition. R.C. 2953.23(A)(1). Under the second exception, DNA testing

results must "establish, by clear and convincing evidence" the petitioner's "actual innocence" of the felony for which he was convicted. R.C. 2953(A)(2).

{¶ 15} In this case, the final portion of the trial transcript for appellant's direct appeal was filed on July 6, 1998. His first motion for postconviction relief was filed on December 22, 1998, and was timely under the statute. The October 15, 2015 "Motion" that is the subject of this appeal was therefore a "successive" petition under R.C. 2953.23(A). Appellant obviously filed it outside of the time period that had expired on July 5, 1999, 16 years earlier. Thus, to fall within the jurisdiction of the trial court, one of the exceptions under R.C. 2953.23(A) must apply. Appellant identifies no new constitutional right recognized since he filed the first petition. Nor does he make an "actual innocence" challenge to his conviction based on DNA evidence.

{¶ 16} However, appellant "was unavoidably prevented from discovery of the facts upon which" his claim for relief relies because the action he challenges, the filing of the "Corrected Entry" on August 2, 2000, did not occur until 13 months after the expiration of the limitations period defined by the statute. R.C. 2953.23(A)(1). There was no way for appellant to file a petition contesting an action that the trial court had not yet taken. For this reason, the one-year time limit did not apply, and the trial court had jurisdiction over the petition. For the same reason, it was an abuse of discretion for the trial court to summarily overrule it as untimely.

{¶ 17} Even if the jurisdictional bar had applied, however, "a trial court retains jurisdiction to correct its void judgments." *State v. Fields*, 183 Ohio App.3d 647, 650, 2009-Ohio-4187, ¶ 10 (1st Dist.), citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 353, 2006-Ohio-5795. In *Fields*, the defendant filed an untimely petition for postconviction relief, seeking to withdraw his guilty plea for possession of cocaine on the grounds that the trial court had failed to notify him that a statutorily mandated fine would accompany the conviction. *Id.* at ¶ 3. The First Appellate District agreed with the trial court that it had lacked jurisdiction under R.C. 2953.23 because the petition was untimely, but vacated the sentence and remanded the case for resentencing because the failure to include the fine in the sentence rendered it void. *Id.* Here, too, the trial court had jurisdiction to examine appellant's sentence, determine if it was void and, if so, make any necessary corrections.

{¶ 18} The same principle applies to the "Corrected Entry" filed on August 2, 2000, when the trial court attempted to correct an error in appellant's original sentence. However, any such effort had to respect appellant's constitutional rights. For the following reasons, we conclude that by filing the "Corrected Entry" without a resentencing hearing, the trial court failed to do so.

{¶ 19} Typically, "trial courts lack authority to reconsider their own valid final judgments in criminal cases." *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997). However, there are "two exceptions under which the trial court retains continuing jurisdiction." *Cruzado* at ¶ 19, citing *State v. Garretson*, 140 Ohio App.3d 554, 560 (12th Dist.2000). First, as mentioned above, "a trial court is authorized to correct a void sentence." *Id.* Second, Crim.R. 36 allows the correction of "clerical errors in judgments." *Id.* Specifically, the rule states that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Thus, the rule's exception was presumably what the trial court referred to when, in its entry overruling appellant's motion, it described the "Corrected Entry" as "correcting a clerical error" in appellant's original sentence. The state, too, has taken this position in its brief.

{¶ 20} However, a "clerical mistake" correctable under Crim.R. 36 " 'refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *Cruzado* at ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-20 (3d Dist.2000). Such "nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.' " *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 164 (1995).

{¶ 21} Contrary to the trial court's conclusion and the state's position, the "Corrected Entry" did not fix a clerical error. Rather, it was based on a legal decision by the trial court to change appellant's original sentence to conform to the law. The original sentence specified that the two firearm specifications were to "run concurrent to each count and merge with each other." However, the 1998 version of R.C. 2929.14(E)(1) did not give the trial court the authority to order the prison term for a firearm specification to

run concurrently with another sentence. Instead, it required that any "mandatory prison term" for a firearm specification had to be served "consecutively to and prior to the prison term imposed for the underlying felony * * * and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." The "Corrected Entry," which specified that all prison terms–for the firearm specification, Counts 1 and 2–were all to run consecutively, appears to be an effort to bring appellant's sentence into compliance with the statute.[2] The "Criminal Sentencing Sheet" in the record also reflects that, at the time of the original sentencing, the trial court intended for any firearm specification term to run concurrently with the underlying offenses. Thus, the "Corrected Entry" did not reflect "what the court actually decided," but the sentence that the trial court should have imposed. *State ex rel. Mayer* at ¶ 14. The change was not a simple clerical fix that could "be corrected by the court at any time" by filing a nunc pro tunc entry under Crim.R. 36.

{¶ 22} The state also argues that appellant "provides no support for his claim that the sentence changed in any way," but the change is apparent from the face of the entries. (Appellee's Brief, 2.) Crucially, the "Corrected Entry" had the effect of adding three years to appellant's sentence, as it altered the previously concurrent prison term for the firearm specification to a term running consecutively to the other terms. The record does not reflect that appellant was brought before the trial court or that the trial court held a hearing before it filed the "Corrected Entry," which had the effect of creating an additional burden to appellant's liberty interests that was not present in his original sentence. A "defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence," under Crim.R. 43(A)(1) and elementary principles of due process. Ohio Constitution, Article I, Section 10; Fourteenth Amendment to the U.S. Constitution; *Kentucky* at 745. We have previously recognized that "if the sentence set forth in the judgment entry differs from that pronounced in the defendant's presence, the judgment entry is invalid." *State v. Elson*, 10th Dist. No. 13AP-554, 2014-Ohio-2498, ¶ 56, citing *State v. Carpenter*, 1st Dist. No. C-950889 (Oct. 9,

---

[2] In addition to running consecutively, the 1998 version of R.C. 2929.14(E)(1) required that the prison term for the firearm specification run "prior to the prison term imposed for the underlying felony." However, the "Corrected Entry" did not specify that the term for the firearm specification ran prior to Count 1.

1996) (vacating sentence and remanding for resentencing where the trial court imposed no sentence for a felonious assault conviction in the defendant's presence at the sentencing hearing, but later "imposed a three-year sentence" for the conviction by judgment entry). *See also State v. Railey*, 1st Dist. No. C-120029, 2012-Ohio-4233 (vacating sentence and remanding for resentencing because "the trial court, in violation of the due-process right embodied in Crim.R. 43, effectively modified [defendant's] sentence from the 12 months pronounced in open court to the 18 months reflected in the January 2012 judgment of conviction and the March 2012 nunc pro tunc entry"). In substance, the sentence described in the "Corrected Entry" may have comported with the law, but the same cannot be said for the procedure the trial court used to impose it.

{¶ 23} In its final argument, the state asserts that the doctrine of res judicata precludes appellant from challenging his sentence, pointing to the affirmance of the original appeal and the 15-year delay between the filing of the "Corrected Entry" and the motion for resentencing. However, a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. We share the state's concern regarding the length of time that it took for appellant to file the motion. It is not clear when appellant actually learned of the filing of the "Corrected Entry," but the filing was a matter of public record. Nevertheless, because a void judgment "may be reviewed at any time," the delay is irrelevant. *Id.*

{¶ 24} For the foregoing reasons, we conclude that the trial court erred by not holding a resentencing hearing before filing the "Corrected Entry" and, as a consequence, when it overruled appellant's motion for a resentencing hearing. Accordingly, we sustain appellant's sole assignment of error. The original sentence of April 24, 1998 is vacated, as is the "Corrected Entry" of August 2, 2000. This case is remanded to the trial court for resentencing in the presence of appellant, in accordance with Crim.R. 43(A)(1). All relevant constitutional guarantees apply, including appellant's right to counsel at sentencing. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972).

*Judgment vacated; cause remanded.*

TYACK and BROWN, JJ., concur.

————————————