[Cite as *State v. Dixon*, 2017-Ohio-558.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-583 |
| | | (C.P.C. No. 97CR-781) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Marvell E. Dixon, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 16, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Marvell E. Dixon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Marvell E. Dixon, pro se, appeals from a judgment entry of the Franklin County Court of Common Pleas sentencing him, pursuant to resentencing ordered on remand, on one count of aggravated murder with firearm specification and one count of felonious assault with specification. For the following reasons, we affirm.

I.  Facts and Procedural History

{¶ 2} By indictment filed February 14, 1997, plaintiff-appellee, State of Ohio, charged Dixon with one count of aggravated murder in violation of R.C. 2903.01 and one count of felonious assault in violation of R.C. 2903.11. Both charges carried accompanying firearm specifications. A jury found Dixon guilty of both charges, and the trial court sentenced Dixon to (1) life in prison without parole eligibility for 20 years on

the aggravated murder conviction plus 3 years for the accompanying firearm specification, and (2) 8 to 15 years on the felonious assault conviction plus 3 years on the accompanying firearm specification. The trial court specifically ordered the firearm specifications to run concurrent to each count and merge with each other. The trial court journalized Dixon's conviction and sentence in an April 24, 1998 judgment entry.

{¶ 3} More than two years later, on June 26, 2000, the trial court received a letter from the acting records supervisor at the Southern Ohio Correctional Facility observing that Dixon's sentencing entry orders the firearm specifications to run concurrently to other counts but that the language of R.C. 2929.14(E)(1) requires the mandatory prison term to be served consecutively to and prior to the prison term for the firearm specifications. In response to the letter, the trial court filed an August 2, 2000 corrected entry purporting to resentence Dixon and ordering the two firearm specifications to merge with each other and to run consecutive to the sentence on the aggravated murder conviction.

{¶ 4} On December 5, 2000, this court affirmed Dixon's convictions. *State v. Dixon*, 10th Dist. No. 98AP-626 (Dec. 5, 2000) ("*Dixon I*"). We subsequently denied Dixon's application to reopen his appeal. *State v. Dixon*, 10th Dist. No. 98AP-626 (Feb. 1, 2001) (memorandum decision).

{¶ 5} Approximately 15 years later, on October 21, 2015, Dixon filed a motion for resentencing in the trial court, arguing the trial court's corrected entry of August 2, 2000 violated his right to be present at every stage of a criminal proceeding pursuant to Crim.R. 43(A). The trial court denied his motion in an October 27, 2015 entry. Dixon appealed the trial court's denial of his motion for resentencing, arguing the trial court's corrected entry changed more than a mere clerical error. We agreed with Dixon and concluded the trial court erred by not holding a resentencing hearing before filing the corrected entry. *State v. Dixon*, 10th Dist. No. 15AP-1037, 2016-Ohio-955, ¶ 24 ("*Dixon II*"). We vacated both the original sentence of April 24, 1998 as well as the corrected entry of August 2, 2000, and we remanded the matter to the trial court for resentencing in the presence of Dixon. *Id.*

{¶ 6} Following our decision in *Dixon II*, the state filed an application for reconsideration pursuant to App.R. 26(A) on March 17, 2016. We denied the state's

request for reconsideration in a June 28, 2016 memorandum decision. *State v. Dixon*, 10th Dist. No. 15AP-1037 (June 28, 2016) (memorandum decision). In doing so, we clarified that "Dixon only appealed the trial court's refusal to resentence him in person regarding the firearm specifications" and that he "never challenged his underlying conviction or the sentences originally imposed for the underlying felonies." *Id.* at ¶ 7. Thus, we stated "[n]othing in our decision could be interpreted as an invitation for the trial court to revisit any other aspect of the original sentence, other than the failure to impose consecutive prison terms for the firearm specifications, and to do so in Dixon's presence." *Id.*

{¶ 7} On remand, the trial court conducted a resentencing hearing on July 28, 2016. The trial court ordered the firearm specifications on Count One and Count Two to merge, and the trial court imposed a sentence of life in prison with no parole eligibility for 20 years on the aggravated murder conviction; 8 to 15 years on the felonious assault conviction; and 3 years on the firearm specification. The trial court ordered the firearm specification to run consecutive to Count One and ordered Count Two to run consecutive to Count One. The trial court journalized the convictions and resentencing in an August 1, 2016 "Second Corrected Entry." Dixon timely appeals.

## II. Assignments of Error

{¶ 8} Dixon assigns the following errors for our review:

> [1.] Did the Tenth District Court of appeal error when it Limited Appellant's re-sentencing to the Constraints of State v. Fischer, 128 Ohio St.3d<sup>rd</sup> 92 2010-Ohio-6238 absent a Post Release Control violation.
>
> [2.] The trial court erred by imposing a imposition of PRC in this case, Appellant was not subject to any Post Release portion of Post release Control, the Imposition of Post Release Control should be reversed and remanded.
>
> [3.] The trial court erred when it denied Appellant opportunity to present his Newly discovered evidence at his re sentencing by failing to hold a denovo Re sentencing on remand from the Tenth District Court of appeals decision that Appellant's sentence was void.

(Sic passim.)

### III.  First Assignment of Error – Scope of Resentencing

{¶ 9}   In his first assignment of error, Dixon argues this court erred in our prior decision in *Dixon II* when we ordered the trial court to resentence Dixon at a hearing in which he was present.  More specifically, Dixon asserts we erred in limiting the scope of his resentencing on remand to the firearm specifications and not requiring a complete review of the entire sentence the trial court imposed.  To the extent Dixon disagreed with this court's prior decision in *Dixon II*, his remedy was to file an appeal with the Supreme Court of Ohio.  Having failed to appeal from this court's decision in *Dixon II*, Dixon has waived any error in that decision, and he cannot now collaterally attack the merits of our decision in *Dixon II* via this appeal from the trial court's resentencing entry.  *Anderson v. Kellog (In re Appropriation for Juveniles & Probate Div.)*, 62 Ohio St.2d 99, 101 (1980) (failure to appeal from a final appealable order constitutes a waiver of any error, and an appellant may not attempt to collaterally attack a prior decision through an appeal from a different order).  Thus, we overrule Dixon's first assignment of error.

### IV.  Second Assignment of Error – Post-Release Control

{¶ 10} In his second assignment of error, Dixon argues the trial court erred in imposing a period of post-release control as part of the sentence imposed on remand because he was sentenced under a prior version of the sentencing statutes that did not require the imposition of mandatory post-release control.  The transcript of the resentencing hearing indicates the trial court informed Dixon he would be subject to post-release control upon his release from prison for a period of up to five years.  However, the corrected entry journalizing Dixon's resentencing makes no mention of post-release control.  "It is a basic tenet that a court speaks only through its journal entry and not by oral pronouncement or mere written minute or memorandum." *Scheidler v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 04AP-584, 2005-Ohio-105, ¶ 12, citing *Schenley v. Kauth,* 160 Ohio St. 109 (1953).  Because the trial court did not include post-release control in the second corrected entry, we do not construe the entry as imposing a period of post-release control.  *See, e.g., State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 76 (to validly impose post-release control under R.C. 2929.191(C), a trial court must both notify the defendant of the imposition of post-release control at the sentencing hearing and include

the term of post-release control in the properly journalized sentencing entry). Accordingly, we overrule Dixon's second assignment of error.

## V.  Third Assignment of Error – Resentencing

{¶ 11} In his third and final assignment of error, Dixon argues the trial court erred in limiting the scope of his resentencing to the firearm specifications and not providing Dixon with a de novo sentencing hearing.

{¶ 12} "Generally, a trial court must follow a reviewing court's mandate." *Dannaher v. Newbold*, 10th Dist. No. 05AP-172, 2007-Ohio-2936, ¶ 9, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984).  " 'Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.  Moreover, the trial court is without authority to extend or vary the mandate given.' "  *Id.*, quoting *Nolan* at 3-4.

{¶ 13} As this court reiterated in our memorandum decision addressing the state's application for reconsideration, our remand order in *Dixon II* was limited to resentencing regarding the firearm specifications.  Our review of the record indicates the trial court complied with this court's mandate on remand and conducted a resentencing hearing for the limited purpose of imposing consecutive sentences related to the firearm specifications.  Thus, because the trial court followed the mandate of the remand order, the trial court did not err in not holding a de novo sentencing hearing or in not allowing Dixon to introduce new evidence.  *See State v. Spain*, 10th Dist. No. 10AP-319, 2011-Ohio-322, ¶ 21 (an appeal following a limited remand is limited only to those issues subject of the remand order).  Accordingly, we overrule Dixon's third and final assignment of error.

## VI.  Disposition

{¶ 14} Based on the foregoing reasons, the trial court did not err in resentencing Dixon pursuant to the remand order issued by this court.  Having overruled Dixon's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____