[Cite as *State v. White*, 2021-Ohio-588.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-287 |
| v. | : | (C.P.C. No. 03CR-7014) |
| Marcus D. White, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 4, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Marcus D. White*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Marcus D. White, appeals from a nunc pro tunc sentencing entry filed by the trial court on April 30, 2020.

{¶ 2} The entry addresses his sentencing for murder and felonious assault from the finding of guilty at a 2005 jury trial. On August 2, 2005, White was sentenced to an aggregate sentence of 28 years to life for the offenses of murder with firearm specification and felonious assault with firearm specification. He appealed, and this court reversed and remanded his cases for resentencing. On remand, the trial court corrected the identified error and merged the firearm specifications attached to his offenses. He was sentenced to an aggregate term of 25 years to life on October 26, 2006. In the years since, White has filed

No. 20AP-287

numerous challenges to both his conviction and sentence. His case has in fact been reviewed by this court no less than three additional times.

{¶ 3} Relevant to this appeal, on October 24, 2019 White filed a "Motion to Correct a Clerical Error in the Defendant's Judgment Entry of Conviction Pursuant to Crim.R. 36." In his motion, White argued that his sentencing entry reflected that he had been convicted of "murder in violation of 2903.02" but that he had actually been found guilty of "§2903.02(B) Felony Murder (proximate result of felonious assault)," and he sought a nunc pro tunc correction under Crim.R. 36 for his sentencing entry to correctly identify the subsection of the offense for which he had been convicted.

{¶ 4} The trial court granted White's motion. In so holding, it observed that White was merely arguing that "it is a clerical error not to include specifically that Defendant was found guilty of R.C. 2903.02(B), instead of the more generic R.C. 2903.02," and while the court noted that the court of appeals had previously held that "the original judgment entry and resentencing entry complied with Crim.R. 32," the trial court held that "for purposes of clarity, the Court will issue a Nunc Pro Tunc Entry clarifying that Defendant was specifically found guilty of R.C. 2903.02(B)." In accordance with this decision, on April 30, 2020, the trial court filed a "Second Nunc Pro Tunc Re-Sentencing Entry" identical in substance to the sentencing entry filed on October 26, 2006, but the new entry also includes the subsection "(B)" following the citation to the murder statute.

{¶ 5} White has now appealed from this entry, and asserts a single assignment of error:

> When the Appellant's conviction for R.C. 2903.02(B) Felony Murder is dependent upon a conviction of the predicate offense, the Trial Court erred, in amending the original/re-sentencing entries from "2903.02 Murder" to 2903.02(B) Murder, via nunc pro tunc without conducting a re-sentencing

No. 20AP-287

hearing to address the omitted predicate offense i.e. (Felonious Assault to wit: Ms. Green) necessary for the 2903.02(B) conviction to be valid and comport to Ohio Sentencing Law, which the Appellant had a right to be present, in violation of Criminal Rule 43 , State v. Dixon, 2016 Ohio 955 & State v. Juan, 2016 Ohio 5339.

{¶ 6} In reviewing the trial court's April 30, 2020 sentencing entry, we first observe that Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." We must further observe that the Ohio Constitution does not expressly create a right to appeal; instead, the constitution provides for the establishment of an appellate court system, and states that appellate courts "shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Ohio Constitution, Article IV, Section 3(B)(2). Pursuant to R.C. 2505.03, "[e]very *final order*, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality, may be reviewed * * * unless otherwise provided by law." (Emphasis added.) App.R. 3(A) recognizes that R.C. 2505.03 creates "[a]n appeal as of right" where a notice of appeal is filed "within the time allowed by Rule 4 ," and App.R. 4(A)(1) in turn states that an "order that is final upon its entry" must be appealed "within 30 days of that entry." Ohio courts have accordingly long held that to be properly appealable, in general orders must be "final," and that R.C. 2505.02(B) describes the parameters of "final order[s] that may be reviewed, affirmed, modified, or reversed, with or without retrial * * *."

{¶ 7} Accordingly, prior to addressing the merits of White's claims we must determine whether the nunc pro tunc entry in this case qualifies as a final order under R.C.

No. 20AP-287

2505.02(B). In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, the Supreme Court of

Ohio discussed the interplay between clerical mistakes corrected pursuant to Crim.R. 36

and the final orders statute:

> It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide.
>
> "Nunc pro tunc" means "now for then" and is commonly defined as "Having retroactive legal effect through a court's inherent power." Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. Appellate courts throughout the state have consistently applied these principles.
>
> In the case now before us, the original resentencing order complied with the substantive requirements of Crim.R. 32(C), was a final order for purposes of R.C. 2505.02, and was appealed by appellant. The sole purpose of the nunc pro tunc entry was to correctly state that appellant's original conviction was based on a jury verdict, a fact that was obvious to the court and all the parties. It is apparent, then, that the nunc pro tunc entry merely corrected a clerical omission in the resentencing order and made the entry reflect what had already happened, which was appellant's conviction by jury verdict. The trial court's addition indicating how appellant's conviction was effected affected only the form of the entry and made no substantive changes.

*Id.* at ¶ 18-20. (Internal citations and quotations omitted.) *See also State v. Davis*, 10th

Dist. No. 06AP-505, 2007-Ohio-944, ¶ 8, quoting *ABN AMRO Mtge. Group, Inc. v. Roush*,

10th Dist. No. 04AP-457, 2005-Ohio-1763, at ¶ 43 ("[w]hen an initial entry is a final

determination of the rights of the parties, a subsequent nunc pro tunc entry clarifying the

initial entry relates back to the time of the filing of the initial entry, and does not extend the

time for appeal.") (internal citation and quotation omitted); *In re Estate of Parmelee,* 134

Ohio St. 420, (1938) (holding that a nunc pro tunc entry is not a judgment from which an appeal will lie); and *Roth v. Roth*, 65 Ohio App.3d 768 (6th Dist.1989) paragraph two of the syllabus. ("Generally an appeal cannot be taken from a judgment nunc pro tunc but must have been taken from the order intended to be corrected thereby.").

**{¶ 8}** We believe it eminently clear that under *Lester* the trial court's April 30, 2020 "Second Nunc Pro Tunc Re-Sentencing Entry" is not a final order. It is uncontroverted that the October 26, 2006 entry complied with Crim.R. 32(C) and was appealable—this court has already so held on multiple occasions. *See for example State v. White*, 10th Dist. No. 18AP-711, ¶ 16 (Mar. 21, 2019) (Memorandum Decision) (declining to reconsider previous holding "that the judgment entry and resentence entry complied with Crim.R. 32 and were final appealable orders"). Accordingly, as with the entry in *Lester*, the court's nunc pro tunc entry here "affected only the form of the entry and made no substantive changes," and therefore "applies retrospectively to the judgment it corrects." *See Lester* at ¶ 18-20.

**{¶ 9}** Because the April 30, 2020 entry is not final and instead relates back to the sentencing entry filed on October 26, 2006, White's appeal is untimely under App.R. 4. Accordingly, appellant's assignment of error is moot, and this court lacks jurisdiction to consider his appeal, and it is therefore dismissed.

*Appeal dismissed.*

BROWN and KLATT, JJ., concur.

---