[Cite as *State v. Juan*, 2016-Ohio-5339.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 15AP-447 and 15AP-1054 |
| Hector A. H. Juan, | : | (C.P.C. No. 10CR-4012) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 11, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Hector A. H. Juan ("appellant"), is appealing his conviction in the Franklin County Court of Common Pleas for three counts of gross sexual imposition and two counts of rape. He is also appealing the trial court's amended judgment entry. For the following reasons, we affirm the conviction and reverse as to the amended judgment entry.

{¶ 2} Appellant presents two assignments of error for our consideration:

First Assignment of Error: The defendant-appellant was denied the effective assistance of counsel due to numerous prejudicial errors made during the jury trial.

> Second Assignment of Error: The trial court erred in amending the original sentencing entry without conducting a resentencing hearing at which defendant-appellant had a right to be present.

{¶ 3}   On July 9, 2010, appellant was indicted on three counts of gross sexual imposition under R.C. 2907.05 and two counts of rape under R.C. 2907.02.   From March 5, to March 8, 2012, a trial was held and a jury returned a verdict of guilty on all counts.   The trial judge, after conducting an initial sentencing hearing on April 4, 2012, sentenced appellant as follows:

> The Defendant shall serve Three (3) years as to Count One, Three (3) years as to Count Two and Three (3) years as to Count Three; Ten (10) years as to Count Four and Ten (10) years as to Count Five; Counts One, Two and Three shall be served concurrent with each other, Counts Four and Five shall be served concurrent with each other, Counts One, Two and Three shall be served consecutive to Counts Four and Five, for a total of Thirteen (13) years to be served * * *.

(Apr. 24, 2012 Jgmt. Entry Prison Imposed.)   No appeal was filed in 2012 after appellant was sentenced.

{¶ 4}   On February 5, 2015, without conducting an additional sentencing hearing, the trial court issued an amended judgment entry which amended the sentence on the two counts of rape to ten years to life, with the total sentence amended to thirteen years to life. On April 24, 2015, appellant filed a pro se notice of appeal and a motion for delayed appeal.   We granted his motion to file a delayed appeal and sua sponte appointed the Franklin County Public Defender to represent him for the purposes of this appeal.

{¶ 5}   The first assignment of error argues that appellant was denied effective assistance of counsel during his jury trial.

{¶ 6}   A two-step process is employed when considering allegations of ineffective assistance of counsel.   "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client.   Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was

prejudiced by counsel's ineffectiveness." *State v. Lytle*, 48 Ohio St.2d 391, 396-97 (1976), *vacated in part on other grounds*, 438 U.S. 910 (1978).

{¶ 7}   A counsel's performance "will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.   An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.   *Id.*   To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

{¶ 8}   When the question is whether counsel acted outside the wide range of professionally competent assistance, appellate courts must be highly deferential in scrutinizing counsel's performance.   *Strickland* at 689.   A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. * * * There are countless ways to provide effective assistance in any given case. *Id.*

> The evidence introduced at trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the Strickland analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.

*Massaro v. United States*, 538 U.S. 500, 505 (2003).

{¶ 9}   Under the second separate prong of *Strickland*, appellant must prove actual prejudice showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

{¶ 10} The evidence in this case was overwhelming.   Appellant knew that the victim in this case was 12-years-old at the time of the offense.   The victim and appellant

knew each other and appellant was good friends with the victim's mother and her family. (Tr. at 28.)  The victim testified when she was 14-years-old, appellant fondled her first on the breast both over and under the clothes, that she touched his penis and he penetrated her vagina with his penis.  (Tr. at 39-43.)  The next day, the victim reported to a hospital social worker that appellant put his fingers in her vagina, that he put his tongue inside of her mouth, that he forced her to touch his penis, and that he put his penis in her vagina and anus.  (Tr. at 111-14.)  Appellant's DNA was found on the victim's vaginal swab and on her panties and shorts.  (Tr. at 197.)  Also while at the hospital, the victim made a recorded telephone call to appellant with police detectives present.  (Tr. at 48-51.) Appellant stated on the phone call that the victim could not be pregnant because he "pulled out"; he also asked if she was ok with what happened and whether she wanted it to happen again.  (Tr. at 142-43.)  Once in custody, appellant admitted to police during interrogation that he had inserted his fingers into her vagina; that he touched her and she touched him; and asked the victim if she wanted it.  (Tr. at 160-62.)  During trial, appellant took the stand and maintained that the victim was the aggressor; but, on cross-examination, he admitted he knew he put his fingers inside a 12-year-old's vagina.  (Tr. at 225, 252.)

{¶ 11}  Despite such substantial evidence, to prevail, appellant must prove that, but for counsel's actions, the result of the proceedings would have been different.

{¶ 12}  First, appellant argues that counsel should not have withdrawn his motion to suppress statements made while under police interrogation.  Second, he argues that defense counsel failed to state a defense in opening statement.  Third, that defense counsel failed to zealously cross-examine the victim at trial.  Fourth, he argues that defense counsel failed to object to improper testimony of an expert in which a hospital social worker testified to the veracity of the victim's statement.  Fifth, appellant argues that trial counsel brought forth non-legal defenses that focused on whether the victim consented to sexual activity.  Finally, appellant would have us consider the cumulative effect of the argued errors of trial counsel.

{¶ 13}  Even if we assume that all the argued errors appellant points to fall below an objective standard of reasonable representation, his appeal would still fail the second prong of the *Strickland* test.  There is no reasonable probability that, but for defense

counsel's argued errors, the result of the proceeding would have been different. The jury had a myriad of evidence to rely on in this case, from the victim's statements and testimony, to the DNA found on the victim and on her clothes, the recorded phone call, appellant's statement to the police, and even appellant's own testimony at trial. Appellant's argument fails the *Strickland* test as adopted by Ohio in *Bradley*. The trial result cannot be set aside due to ineffective assistance of counsel given these facts.

{¶ 14} The first assignment of error is overruled.

{¶ 15} The second assignment of error argues that the trial court erred on February 5, 2015 in issuing a new sentencing entry which amended the prison sentences on the two counts of rape from ten years to ten years to life without bringing appellant to court for a new sentencing hearing.

{¶ 16} Appellant was charged with five criminal counts. Counts 4 and 5 of the indictment were violations of R.C. 2907.02, rape. The jury returned a verdict form of guilty as to both counts of rape stating that the victim was less than 13 years of age. "Pursuant to the clear language of R.C. § 2945.75, a verdict form signed by a jury must include either the degree of the offense of which a defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, syllabus. This is a violation of R.C. 2907.02(A)(1)(b) which states:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

This is felony of the first degree. "Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code." R.C. 2907.02(B).

{¶ 17} Under R.C. 2971.03, the trial court should have imposed an indefinite prison term with a minimum term of ten years and a maximum term of life imprisonment. R.C. 2907.03(B)(1). "[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law. " *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964).

{¶ 18} It is clear that the trial court's April 24, 2012 judgment entry issued an incorrect sentence. Trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, but they lack authority to reconsider their own valid final judgments in criminal cases. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19, *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997).

{¶ 19} "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883, ¶ 6, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642,¶ 27. "Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8. When an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended. *Davic* at ¶ 6; *Fischer* at ¶ 28.

{¶ 20} A trial court can correct clerical errors in judgments, orders, or other parts of the record at any time. Crim.R. 36. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *See, e.g., State v. Brown*, 136 Ohio App.3d 816, 819-20 (3d Dist.2000). Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries " 'are limited in proper use to reflecting what the court actually decided, not what the court might or

should have decided.' "  *State ex rel. Cruzado* at ¶ 19, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

{¶ 21} The following exchange occurred at the end of the April 4, 2012 sentencing hearing:

> MS. RAUSCH:  Your Honor, I justed[sic] want to note that the rape offenses carry mandatory 10 years to life sentences.
>
> THE COURT:  Which counts are those?
>
> MS. RAUSCH:  Four and Five.
>
> THE COURT:  Four and Five.
>
> MS. RAUSCH:  I just wanted to make sure that he has been advised of that and that all of these offenses are mandatory prison terms, and he will not be eligible for early release or earned credit.
>
> THE COURT:  That's why I skipped the part about early release.
> Did you hear what she said about the mandatory time?  Do I need to explain it any more, Mr. Juan?
>
> THE DEFENDANT:  (Shaking head).
>
> THE COURT:  Is there anything further?
>
> MS. RAUSCH:  No, Your Honor.  Thank you.
>
> THE COURT:  Thank you.
>
> MS. PHIPPS:  Thank you, Your Honor.

(Tr. at 339-40.)  It is clear that the trial judge's decision was to impose a sentence of 10 years to life rather than only 10 years stated in the original sentencing hearing.  We find that it was a clerical mistake that the April 24, 2012 entry stated 10 years only.  The trial court was therefore free to correct that clerical error at any time pursuant to Crim.R. 36, but had to bring appellant into open court to correct the mistake and issue a new sentence with a life tail.  The State of Ohio has admitted that the failure to do so was error.

{¶ 22} The second assignment of error is therefore sustained.

{¶ 23}  In review, we overrule the first assignment of error and sustain the second assignment of error.  We vacate the second sentencing entry and remand the case for a new sentencing hearing with appellant present.

*Judgment affirmed in part,*
*reversed in part and cause remanded*
*for a new sentencing hearing with appellant present.*

KLATT and HORTON, JJ., concur.

_____