[Cite as *State v. Juan*, 2019-Ohio-281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,               :            No. 18AP-343
                                       (C.P.C. No. 10CR-4012)

v.                                                :

                                       (REGULAR CALENDAR)

Hector A. H. Juan,                                :

      Defendant-Appellant.              :

---

D E C I S I O N

Rendered on January 29, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond.*

**On brief:** *David K. Greer*, for appellant. **Argued:** *David K. Greer.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Hector A. H. Juan, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct his sentence. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Juan was indicted on July 9, 2010, on three counts of gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05, and two counts of rape, a first-degree felony, in violation of R.C. 2907.02. The indictment specified that the victim was less than 13 years old at the time of the offenses. A jury trial was conducted and the jury found Juan guilty on all charges. The trial court held a sentencing hearing on April 4, 2012. On April 24, 2012, the trial court issued a judgment entry sentencing Juan to 3 years imprisonment on each of the gross sexual imposition convictions, to be served

concurrently, and 10 years imprisonment on each of the rape convictions, to be served concurrently. The sentences for the gross sexual imposition convictions and the rape convictions were to be served consecutively, for a total of 13 years imprisonment. Although the indictment stated the rape charges were first-degree felony crimes, the April 24, 2012 judgment entry referred to the rape offenses as second-degree felonies. Juan did not appeal the April 24, 2012 judgment entry.

{¶ 3} On February 5, 2015, without conducting an additional sentencing hearing, the trial court issued an amended judgment entry amending the sentence on each of the rape convictions to 10 years to life imprisonment, and the total sentence to 13 years to life imprisonment. The February 5, 2015 amended judgment entry referred to the rape offenses as second-degree felonies. Juan filed a motion for delayed appeal of that judgment, which this court granted. In the decision on appeal, this court held that by law the trial court should have imposed an indefinite prison term with a minimum term of 10 years and a maximum term of life imprisonment on the rape convictions. *State v. Juan*, 10th Dist. No. 15AP-447, 2016-Ohio-5339, ¶ 17. Based on statements made by the trial judge at the sentencing hearing, this court concluded the trial judge decided to impose a sentence of 10 years to life on each of the rape convictions and the April 24, 2012 judgment entry contained a clerical mistake. *Id.* at ¶ 21. Although the trial court was free to correct that clerical mistake at any time, pursuant to Crim.R. 36, it was required to bring Juan into court to correct the mistake. Because the trial court failed to do so, this court vacated the February 5, 2015 amended judgment entry and remanded for a new sentencing hearing with Juan present. *Id.*

{¶ 4} Following the remand from this court, the trial court conducted a sentencing hearing on September 7, 2016, and advised Juan of the 10 years to life sentence on each rape conviction. On September 15, 2016, the trial court entered a corrected judgment entry sentencing Juan to 3 years imprisonment on each of the gross sexual imposition convictions, to be served concurrently, and 10 years to life imprisonment on each of the rape convictions, to be served concurrently. The sentences for the gross sexual imposition convictions and the rape convictions were to be served consecutively, for a total of 13 years to life imprisonment. The September 15, 2016 corrected judgment entry referred to the rape offenses as second-degree felonies. Juan did not appeal this judgment entry.

{¶ 5}   On December 27, 2017, Juan filed a pro se motion to correct his sentence, arguing that he should not have been sentenced to a potential life imprisonment term because he was not found to be a violent sexual predator.  Plaintiff-appellee, State of Ohio, filed a memorandum in opposition, asserting the sentence of 10 years to life imprisonment was required by law.  The trial court conducted a hearing on Juan's motion on April 23, 2018.  At the hearing, the trial court explained to Juan that his motion would be denied, and a sentence of 10 years to life imprisonment was required by law because the victim was under 13 years old at the time of the offense.  Juan indicated he understood the trial court's explanation, but he wished to appeal the decision.  During the hearing, Juan's counsel advised the trial court that its prior judgment entries incorrectly referred to the rape convictions as second-degree felonies and requested the court correct the error pursuant to Crim.R. 36.

{¶ 6}   On April 25, 2018, the trial court issued a decision denying Juan's motion to correct sentence.  The same date, the trial court issued a separate amended judgment entry referring to the rape convictions as first-degree felonies.

## II. Assignment of Error

{¶ 7}   Juan appeals and assigns the following assignment of error for our review:

> Appellant was denied his due process right to a fundamentally fair sentencing hearing without unnecessary delay, as guaranteed by the Fourteenth Amendment of the United States Constitution, and Article I, Section 16 of the Ohio Constitution, and Criminal Rule 32(A), when he was resentenced to add a life prison term nearly 4½ years after his original sentence, when the state did not appeal that sentence.

## III. Discussion

{¶ 8}   In the present appeal, Juan presents a due process claim, arguing the delay between the April 24, 2012 judgment entry and the post-remand September 15, 2016 corrected judgment entry violated his constitutional rights.  However, Juan failed to assert this argument in the trial court. "It is well-established that a party cannot raise new issues or legal theories for the first time on appeal." *State v. Atchley*, 10th Dist. No. 07AP-412, 2007-Ohio-7009, ¶ 8. Accordingly, Juan has forfeited all but plain error review of this argument. *State v. Smith*, 196 Ohio App.3d 431, 2011-Ohio-3786, ¶ 13 (10th Dist.).  " 'Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right.' "  *State v. Williams*, 10th Dist. No. 16AP-540, 2017-Ohio-5598, ¶ 28, quoting *State*

*v. Lindsey*, 87 Ohio St.3d 479, 482 (2000).  Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

{¶ 9}  Juan's due process argument is based primarily on the United States Supreme Court's decision in *Betterman v. Montana*, ___ U.S. ___, 136 S.Ct. 1609 (2016).  Juan asserts that *Betterman* "established a due process right to a fundamentally fair sentencing without unnecessary delay."  (Appellant's Brief at 8.)  The issue in *Betterman* was whether the guarantee of a speedy trial under the Sixth Amendment to the United States Constitution applied after a criminal defendant had been found guilty or pleaded guilty.  *Betterman* at 1613.  The court held that "the [Speedy Trial] Clause does not apply to delayed sentencing."  *Id.*  In dicta, the court suggested that due process "serves as a backstop against exorbitant delay [in the period between conviction and sentencing]" and that a criminal defendant "retains an interest in a sentencing proceeding that is fundamentally fair."  *Id.* at 1617-18.  However, the court expressly noted that Betterman did not assert a due process claim and that the court "express[ed] no opinion" about the outcome of such a claim.  *Id.* at 1618.

{¶ 10} Juan also cites this court's decision in *Smith*, in support of his due process claim.  The *Smith* decision held that an unreasonable delay in resentencing after a remand can violate due process, citing a decision of the Federal Sixth Circuit Court of Appeals.  *Smith* at ¶ 15.  In *Smith*, the defendant was convicted on multiple counts of pandering sexually oriented matter involving a minor; several of the counts merged for purposes of sentencing and the defendant was ultimately sentenced to four consecutive terms of 4 years imprisonment, for a total sentence of 16 years imprisonment.  *Id.* at ¶ 7.  The defendant appealed from the judgment and this court held the trial court failed to make the required findings in imposing consecutive sentences.  *Id.* at ¶ 8. The defendant filed a further appeal with the Supreme Court of Ohio, which declined to accept the appeal.  *Id.* at ¶ 9.  More than 4 years then elapsed before the trial court conducted a resentencing hearing, at which the court sentenced the defendant to 5 years imprisonment on each of the four charges to be served concurrently, for a total sentence of 5 years imprisonment.  The court then found the defendant had already served 6 and one-half years imprisonment under the original sentencing entry.  *Id.* at ¶ 11. On appeal, this court held the trial court's unjustified delay in resentencing, of more than 4 years, violated the defendant's due process rights.  *Id.* at ¶ 21.

{¶ 11} Unlike *Smith*, where the resentencing hearing resulted in a reduced prison sentence and the delay caused the defendant to serve excess time in prison, the resentencing in the present case resulted in a potential extension of Juan's prison term. Juan did not serve additional prison time solely due to the delay in resentencing. In *Smith* the unexplained delay in resentencing occurred after a remand from this court following appeal. By contrast, in the present case although it is unclear what caused the delay between the original April 24, 2012 judgment entry and the February 5, 2015 amended judgment entry correcting the sentence, the trial court acted promptly to resentence Juan again following remand from this court after Juan's appeal. Under these circumstances, we cannot conclude Juan has demonstrated plain error.

{¶ 12} We further find Juan's argument is barred by res judicata. "Pursuant to the doctrine of res judicata, a final judgment of conviction precludes a defendant from raising and litigating in any proceeding, except a direct appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised on direct appeal from his conviction." *State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584, ¶ 11, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. *See also State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 44 ("In Ohio, res judicata bars consideration of issues that could have been raised on direct appeal."). As discussed above, in the present appeal, Juan asserts a due process violation, relying on the United States Supreme Court's decision in *Betterman* and this court's decision in *Smith*. Juan asserts res judicata would not apply because *Betterman* was decided on May 19, 2016, after he had filed his brief in the prior appeal. Therefore, he asserts, he could not have raised this argument in the prior appeal. However, the *Smith* decision was issued in 2011. Moreover, this court's decision in the prior appeal was not rendered until August 11, 2016, after the *Betterman* case had been decided. Therefore, Juan could have asserted the argument he now raises in his appeal from the February 5, 2015 amended judgment entry.

{¶ 13} Juan also claims the issue was not ripe at the time of his prior appeal because the total length of the resentencing delay was not known until the April 25, 2018 amended judgment entry was issued. Although Juan could not have known when the appeal would be resolved and any entry pursuant to that appeal would be issued, it was clear that more than 33 months had passed between the initial April 24, 2012 judgment entry and the February 5, 2015 amended judgment entry.

{¶ 14} Juan argues res judicata cannot apply because the trial court subsequently issued the April 25, 2018 amended judgment entry, correcting the offense level on the rape charges. Juan argues the April 25, 2018 amended judgment entry constitutes the court's final judgment and that res judicata cannot apply to bar issues not raised during his prior appeal. Juan claims the trial court referred to the rape convictions as second-degree felonies during the September 2016 resentencing hearing and, therefore, the April 25, 2018 amended judgment entry cannot be construed as error correction. However, at the initial sentencing hearing, the trial court referred to the rape convictions as first-degree felonies and on the felony sentencing worksheet the trial judge checked a line indicating that the two rape convictions were first-degree felonies. Thus, the reference to the rape convictions as second-degree felonies in the initial April 24, 2012 judgment entry was a clerical error, and any references to the convictions as second-degree felonies in subsequent entries or hearings appear to have resulted from that initial clerical error. As noted in this court's decision on Juan's prior appeal, pursuant to Crim.R. 36, a trial court may correct a clerical error at any time. *Juan* at ¶ 21. *See also* Crim.R. 36 ("Clerical mistakes in judgments * * * may be corrected by the court at any time."). Moreover, we note it was Juan's own counsel who brought the error to the court's attention at the April 23, 2018 hearing and requested a correction pursuant to Crim.R. 36. Thus, we conclude that res judicata also bars Juan's argument because he could have raised it in his prior appeal.

{¶ 15} Accordingly, we overrule Juan's sole assignment of error.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we overrule Juan's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

———————————