[Cite as *State v. Ross*, 2022-Ohio-3510.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

     Plaintiff-Appellee,          :

                                                     No. 21AP-346
v.                                          :
                                         (C.P.C. No. 04CR-4845)

Jay W. Ross                                 :          (REGULAR CALENDAR)

     Defendant-Appellant.         :

---

D E C I S I O N

Rendered on September 30, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond* for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann*.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Jay W. Ross, appeals the March 19, 2005 judgment of the Franklin County Court of Common Pleas sentencing him to five years of incarceration on Franklin C.P. No. 04CR07-4845, "to be served concurrently with Federal Case No. 2:04CR108(001) at the Ohio Department of Rehabilitation and Correction."

{¶ 2} Ross was charged with robbery in June 2004, and on March 29, 2005, pleaded guilty to one count of third-degree felony robbery. At the plea hearing, plaintiff-appellee, State of Ohio, apparently informed the court that the parties had agreed that his sentence should be served "concurrent with sentence in Federal Case 2:04CR108(001)." (Entry of Guilty Plea at 1.) At the plea hearing, Ross' attorney informed the trial court that

"the minimum sentence that he's looking at [under the advisory federal guidelines applicable in that case] is 168 months or 14 years. We've filed a motion for a downward departure * * * [but even with a departure] we're looking at somewhere between 12 and 14 years." (Mar. 29, 2005 Tr. at 3.) The trial court accepted Ross' guilty plea and set the case for sentencing on May 24, 2005, but Ross failed to appear on that date and the trial court issued a capias.

{¶ 3} Just over four years later, Ross filed a pro se "Motion for Clarification, and Correction of Sentence." (July 15, 2009 Mot. at 1.) The motion was filed by mail, and indicated that Ross was incarcerated in Inez, Kentucky by the Federal Bureau of Prisons. *Id.* at 5. The substance of the motion indicated that Ross incorrectly believed that he had been sentenced to a maximum term in absentia by the trial court when it issued the capias, and that under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, his sentence was erroneous. The motion did not specify whether Ross was federally incarcerated on May 24, 2005, only that "due to unforeseen circumstances" he was "unable to appear" for the sentencing hearing on that date. *Id.* at 1-2. In response, the state argued that Ross had not yet been sentenced. The trial court never ruled on Ross' motion.

{¶ 4} On June 28, 2010, Ross filed a new "Motion to Withdraw of Plea," asserting that he was factually innocent. (Mot. to Withdraw at 1.) He again indicated that he was incarcerated by the Federal Bureau of Prisons at the Big Sandy prison in Inez. *Id.* at 10. In response, the state argued that Ross was on the run from both his state and federal charges on his originally scheduled sentencing date and was not apprehended until some three years later when he was arrested on new federal charges. (July 19, 2010 Memo Contra at 2-3.) On January 12, 2011, the trial court denied Ross' plea withdrawal motion.

{¶ 5}   On August 6, 2015, filing by mail from the custody of the Bureau of Prisons at FCI McKean in Bradford, Pennsylvania, Ross filed a request for "Sentencing in Absentia with a Waiver of Rights." (Aug. 6, 2015 Mot. at 1.)   In that motion, Ross specifically requested the court to impose sentence on him pursuant to the prior recommendation of five years concurrent to his first federal case.  The state did not file a response, and the court took no action on Ross' request.

{¶ 6}   Nearly four years later, an attorney entered an appearance on the case, (*see* Feb. 4, 2019 Not. of Appearance), but took no further action until two years later, when that attorney filed a "Motion to Sentence Defendant by Zoom or Other Electronic Means." (*See* Mar. 29, 2021 Mot. at 1.)  At that point, the court set up a date for the sentencing currently under review and held a sentencing hearing by Zoom comprising only three pages of transcript text and imposed the originally recommended five-year sentence "to be served concurrently with Federal Case No. 2:04CR108(001) at the Ohio Department of Rehabilitation and Correction."  (Jgmt. Entry at 2.)  At the video sentencing hearing, the following exchange occurred:

> THE COURT:  All right. At this time I am sentencing you to 5 years in ODRC, that will be concurrent to the case you are serving on now. Do you have that -- is that -- Just one minute so I could find that case number.
>
> THE BAILIFF:  Here, I've got it.
>
> THE COURT:  I will open it because I need to open it anyway.
>
> That will be concurrent to 04CR-108, the Southern District of Ohio case. You have 18 days jail time credit. Fines and costs are waived. That will be all.
>
> MR. YAVITCH: Your Honor, would you like to ask the concurrent sentencing relate back to the time that he filed his motions which would be July 15th of 2009 when we first filed the motion.

THE COURT:  He will get it as of today, the day I am sentencing him. Thank you.

MS . WILLIAMS:  Thank you, Your Honor.

THE BAILIFF:  Notice of prison.

MR. YAVITCH:  I'm sorry.

THE BAILIFF:  If you can fill out the notice of prison paper. It's on the table.

THE COURT:  Good luck, Mr. Ross.

(June 15, 2021 Tr. at 3.)

{¶ 7}   Ross has now appealed, and asserts one assignment of error:

The trial court plainly erred and prejudicially violated the defendant-appellant's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution and further violated Crim.R. 32(A) by subjecting the defendant-appellant to an unreasonable delay in imposing sentence.

{¶ 8}   Unfortunately, we are unable to address the merits of Ross' claim, as the record is not sufficiently developed, and the trial court's sentencing entry is too ambiguous. First, we must note that Ross' request for sentencing in absentia filed in 2021—along with every other motion Ross filed pro se, starting in 2009 with his sentence correction motion—establishes that Ross was in federal custody and thus "unavailable" for at least part of the time since he pleaded guilty.  The trial court's sentence does not address this problem or otherwise make any attempt to determine the dates or basis for Ross' federal incarceration.

{¶ 9}   Moreover, it is undisputed that Ross was in federal custody on the date of his sentencing by Zoom, but the trial court's sentencing entry directs Ross to serve time imposed by the federal court in the custody of the state of Ohio.  But the plain terms of the sentencing entry clearly impose a sentence of "Five (5) years to be served concurrently with

Federal Case No. 2:04CR108(001) *at the Ohio Department of Rehabilitation and Correction*." (Emphasis added.) (Jgmt. Entry at 2.)

{¶ 10} A state judge sentencing a defendant for state crimes has no inherent authority to order where a previously imposed federal sentence will be served. *See, e.g., Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir.1992) (holding that the "state sentencing judge had no authority to commit Del Guzzi to the state prison to await transportation to the federal prison where he was to serve his federal sentence"). Moreover, a state trial court judge has no authority to order a federal sentence that has not yet been imposed to be served in state custody. *See, e.g., Nguyen v. U.S. Dept. of Justice*, 6th Cir. No. 97-6489, 1999 U.S. App. LEXIS 1700 at *3-4 (Feb. 3, 1999) (citing *Del Guzzi*). The trial court's sentencing entry imposes a condition on the service of Ross' federal sentence beyond that court's power.

{¶ 11} Because the record in this case does not even indicate whether Ross has served any of the time associated with Federal Case No. 2:04CR108(001) or indeed if Ross had even been sentenced for that offense, it is completely unknown what the trial court could have possibly meant by ordering the sentences to run "concurrently." In the odd factual posture of this case, where the record does not show that Ross has already been sentenced for Federal Case No. 2:04CR108(001) or how much of that sentence has already been served, neither this court nor the Ohio Department of Rehabilitation and Correction are able to determine how much time—if any—Ross will be required to serve solely on his state sentence over and above whatever federal time he has remaining. Assuming Ross has some state time yet to serve and is delivered into state custody at the expiration of whatever federal sentence he is serving, the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation ("BOSC") will not be able to definitively calculate how

long that period is resulting from of the judge's sentence use of the phrase "concurrent with sentence in Federal Case 2:04CR108(001)." Because it appears that Ross may be incarcerated on multiple federal cases, it is possible that Ross has already served the entirety of his sentence in that particular federal case. Accordingly, BOSC would be required to interpret the phrase to give effect to the trial court's sentence, but BOSC does not possess that judicial power—it is an administrative body and must rely on the specific language of trial court entries to make its sentencing calculations.

{¶ 12} Finally, Ross has argued that the trial court committed plain error and violated his right to Due Process under the state and federal constitutions when it failed to sentence him within a reasonable time after he first contacted the court in 2009. *See generally Betterman v. Montana*, 578 U.S. 437, 439 (2016), and *State v. Smith*, 196 Ohio App.3d 431, 2011-Ohio-3786 ¶ 15 (10th Dist.) (trial court committed plain error and a due process violation by failing to resentence defendant until four years after original sentence was reversed on appeal). As the state correctly argues in response, this question was not presented in the trial court. But we observe that the trial court wholly failed to address the matters that had already been placed before it by Ross' pro se request for sentencing in absentia, which both notified the court of his federal incarceration and requested the court to impose sentence in this case back in 2015. Had the court addressed the merits of that pleading either in 2015 or in 2021, there is a reasonable chance that the five-year sentence imposed by the court might have already been entirely served, obviating the need for the current appeal. *Compare, e.g., Smith* at ¶ 15-21, quoting and applying *United States v. Sanders*, 452 F.3d 572 (6th Cir.2006). *See also* Crim.R. 32(A) (providing that "[s]entence shall be imposed without unnecessary delay").

{¶ 13} We are simply unable to determine from the court's judgment entry or the record in this case what sentence the court intended Ross to serve.  On these unusual facts we must vacate the sentence, because the ambiguity of the entry has rendered the merits of Ross' assignment of error moot.  On remand, the trial court should expand the evidence in the record and on that evidentiary basis reconsider the sentence to be imposed and draft a new entry imposing such sentence.

{¶ 14} Accordingly, appellant's sole assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is vacated. The matter is remanded for further proceedings in accordance with the law and consistent with this decision.

*Judgment vacated and cause
remanded with instructions.*

JAMISON, J., concurs.
SADLER, J., dissenting.

SADLER, J., dissenting.

{¶ 15} While recognizing the strange and unprecedented procedural posture of this case, the only issue before our court at this juncture is whether the delay in sentencing constituted plain error affecting appellant's substantial rights.  In my view, a review of the record before us should result in affirming the trial court decision, and, therefore, I respectfully dissent.

{¶ 16} It is undisputed that appellant did not raise the constitutionality of the delay in sentencing or Crim.R. 32(A) to the trial court, and the parties both agree plain error review applies.  Where an appellant fails to bring an asserted error to the attention of the trial court, an appellate court has discretion, but not an obligation, to correct "[p]lain errors

or defects affecting substantial rights." Crim.R. 52(B). *See, e.g., State v. Juan*, 10th Dist. No. 18AP-343, 2019-Ohio-281, ¶ 8 (finding an appellant "forfeited all but plain error review" of his delay-in-sentencing argument).

{¶ 17} Under this standard, "the accused bears the burden of proof to demonstrate plain error on the record." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. Further, "even if the error is obvious, it must have affected substantial rights"—in other words, " 'the trial court's error must have affected the outcome' " of the trial or proceeding. *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). *State v. West*, ___Ohio St.3d.___, 2022-Ohio-1556, ¶ 2, 29-30, 70 (stating that under plain error review the burden is on the appellant to demonstrate a reasonable probability that an error affected the outcome of the proceeding, *i.e.*, resulted in prejudice).

{¶ 18} I believe the appellate record is sufficient to establish the trial court's delay in sentencing was an obvious error. As early as July 2009, the trial court was alerted to appellant's presence in federal prison through appellant's filing. That same year, and in 2010, appellee alerted the court that appellant had yet to be sentenced in the instant state robbery case. Appellant in August 2015 specifically asked the trial court to be sentenced for time served and stated his location in federal prison, but the trial court did not address appellant's 2015 motion. It was not until June 2021 that the trial court held a hearing on sentencing and resolved the matter.

{¶ 19} On this record, I would find appellant succeeded in showing the trial court plainly erred by unreasonably delaying sentencing in this case. *See State v. Owens*, 7th Dist. No. 07 MA 229, 2009-Ohio-1508, ¶ 31-32, 34 (determining the fact that a defendant's unavailability for sentencing was caused by his out of state incarceration did not render a 13-month delay in sentencing to be reasonable where the record indicated Ohio authorities

knew the defendant's whereabouts but took no action to sentence him, particularly since options such as video conferencing and obtaining a waiver existed to sentence the defendant even without extradition); *State v. Smith*, 10th Dist. No. 10AP-338, 2011-Ohio-3786, ¶ 19 (finding four-year delay in resentencing, which was not attributable to the defendant or otherwise explained, to be constitutionally unreasonable); *State v. Tucker*, 10th Dist. No. 88AP-550, 1989 Ohio App. LEXIS 1635 (May 2, 1989), (holding that an unjustified delay of approximately six months between date the defendant surrendered after failing to appear and the date of sentencing was unreasonable under Crim.R. 32(A) and vacating the sentence with instruction on remand to allow jail time credit).

**{¶ 20}** However, appellant did not establish the unreasonable delay affected his substantial rights to permit correction under plain error review. Appellant argues that, since his five-year state prison sentence in this case was to run concurrently with a specific 2005 federal sentence (Federal Case No. 2:04CR108(001))—and he claims that his 2005 federal sentence had been fully served while the trial court here delayed sentencing—he will essentially have to serve excess time in prison. In making this argument, appellant attempts to align with *Smith*, where this court found an appellant established his substantial rights were affected under plain error review by showing that the trial court's unjustified delay in sentencing caused the appellant to spend excess time in prison. *See Smith* at ¶ 20-21.

**{¶ 21}** However, unlike in *Smith*, the record in this case does not indicate appellant will serve more time in prison due to the trial court's delay in sentencing. In his brief, appellant states he already served the sentence imposed for Federal Case No. 2:04CR108(001), but he does not point to any record evidence to support this "fact." We note that at the sentencing hearing the trial court was under the impression appellant was

"serving on [the federal sentence 04CR-108] now," and neither appellant nor his attorney disputed that understanding.  (June 15, 2021 Tr. at 3.)

{¶ 22}  The majority decision recognizes the lack of record evidence in this case, but views that void as a reason to vacate the sentence imposed by the trial court and remand the matter for the trial court to expand the evidence and reconsider its decision in sentencing.  *See* Majority Decision at ¶ 12-13.  Unlike the majority, I view the lack of evidence concerning appellant's federal case and service of that sentence, as well as the ambiguity created by the lack of evidence, as an indication appellant failed to meet his burden to show "exceptional circumstances" case necessitating reversal under plain error review.  *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 52.

{¶ 23}  Therefore, considering the posture of this case and the record before us presently, I would find appellant failed to meet his burden of demonstrating the unreasonable delay in sentencing affected his substantial rights.  *Rogers* at ¶ 22; *West* at ¶ 29-30, 70.  *See also Jenkins v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 11AP-1074, 2013-Ohio-1142, ¶ 31 (stating an appellate court presumes the regulatory of the proceedings and validity of the judgment where the appellant fails to provide all the relevant evidence as required by appellate rules).

{¶ 24}  Accordingly, I would overrule appellant's assignment of error and affirm the trial court judgment.  Because the majority decision holds otherwise, I respectfully dissent.

_____